**Lisa RUTA, Plaintiff,**

v.

**DELTA AIR LINES, INC., Defendants.**

**No. 02 CIV. 4707 CMGAY.**

United States District Court,
S.D. New York.

July 9, 2004.

Frank P. Allegretti, Rye, NY, for Plaintiff.

Brian P. Sexton, Quirk and Bakalor, P.C., New York, NY, for Defendant.

## MEMORANDUM ORDER

McMAHON, District Judge.

On June 2, 2004, this Court handed down a memorandum decision granting in substantial part defendant's motion for summary judgment, on the ground, *inter alia*, that many of plaintiff's claims (wrongful ejectment, breach of contract, negligence, negligent and intentional infliction of emotional distress) were preempted by the Federal Aviation Act of 1958 and/or the Airline Deregulation Act of 1978 (FAA/1978 Act). Plaintiff has sought reconsideration of that decision[1], on the ground that the court "overlooked" her motion for sanctions for spoliation of evidence, to wit: contemporaneous reports concerning the incident prepared by Captain Coffey (the person who decided to have plaintiff removed from the plane), Agent Osorio and Flight Attendant Wilson. Contending that this Court would have been required, under relevant Second Circuit precedent, to

---

1. Plaintiff has also filed a notice of appeal from that decision. Since the June 2 decision did not finally dispose of the entire matter, and since no injunctive relief was sought and denied, no interlocutory appeal lies, unless the Court directs the entry of a partial judgment pursuant to Fed.R.Civ.P. 54(b). I did not do so and I have no intention of doing so.

As far as I am concerned the notice of appeal is a nullity and does not operate to divest the Court of jurisdiction. It should, however, be withdrawn forthwith, so there is no confusion on this score. Any appeal taken from the underlying final judgment—when there is one—will encompass all underlying orders, including the order of June 2.

grant the motion AND to impose a sanction that would (presumably) have precluded the Court from considering any testimony from these witnesses in deciding the motion for summary judgment—as well as some similarly draconian sanction at trial.

Plaintiff continues to believe that, because there are factual disputes concerning her behavior on the flight in question, and the behavior of airline employees toward her (and the Court recognized that those facts are very much in dispute), a sanction of the sort that she seeks would automatically result in judgment in her favor. However, as I held in the June 2 opinion and order, when the issue before the Court is preemption under the FAA/1978 Act, the only legally relevant issue is whether the ultimate decision-maker (the Captain) acted arbitrarily and capriciously, based on the information made available to him, in ordering the plaintiff removed from the plane. Thus, the only relevant testimony is that of Captain Coffey, and the only relevant issue is what he knew when he made the decision to remove plaintiff from the airplane.[2] Ironically, whether the information given to Captain Coffey was true or not true is of little or no account— he had no obligation to make an independent investigation of any information imparted to him; he was privileged to act on what he was told. I make these observations because it is imperative that the relevant issues be properly framed.

Captain Coffey testified as follows at his deposition:

Flight Attendant came up to the cockpit and advised me that there were three individuals in the back of the aircraft who were being very disruptive, abusive, one of them shouting free booze, free booze, free booze. There was also what she said was an attempted physical contact between these individuals and a flight attendant. Passengers in the back of the aircraft were feeling uneasy with these individuals being back there and they voiced their concerns to the flight attendant, which she relayed to me.

[Coffey Dep.; Plaintiff's 56.1 Statement ¶ 34]. On June 2, I ruled that the Captain's decision to remove plaintiff from the airplane was not arbitrary and capricious based on the state of his knowledge and regardless of whether what he was told was in fact what had happened in the cabin. Only Captain Coffey's testimony was relevant to this determination. No other evidence was cited in support of this conclusion and none was relied upon.

For purposes of the summary judgment motion, then, the only issue raised by plaintiff's spoliation motion is whether Delta lost or destroyed a contemporaneous report prepared by Captain Coffey (not that of Osorio or Wilson, whose bona fides or states of mind are irrelevant), and if so, what consequences should flow from that fact.

■ I conclude that Delta was on notice on July 23, 2001—one month after the incident in question—that litigation was likely to ensue from the incident. On that date, plaintiff's counsel sent a demand letter to Delta. Therefore, from that mo-

---

**2.** Plaintiff offered no evidence whatever (other than, ironically, the testimony she seeks to suppress as a sanction for spoliation of evidence) to support her speculation that the Captain of the airplane—the person who has sole and ultimate control over all aspects of the flight—might not have been the ultimate decision maker. (Plf.'s Mem. in Opp. to Def.'s Motion for Summ. Judg., pp. 2–4). Since plaintiff herself proffered that evidence, I considered it, and concluded that the testimony did not remotely stand for the proposition for which it was offered.

ment, Delta had an obligation to preserve relevant evidence.

■ Captain Coffey indisputably prepared a report concerning the incident sometime in August 2001. That report, which was sent to counsel in anticipation of litigation, was deemed by the Magistrate Judge to be work product and not discoverable. Plaintiff did not appeal to this Court from that decision, and it became final. The non-production of this report (which I will call the "work product report") cannot form the basis for a successful spoliation motion. In any event, the work product report has not been lost or destroyed—it simply has not been produced.

However, plaintiff claims that a different report was prepared by Coffey prior to the preparation of the report that was the subject of Judge Yanthis's order. In the papers supporting the *in limine* motion, plaintiff's counsel contended that pages 25–27 of "Exhibit B" to the Allegretti Affirmation of May 5, 2003 establish that Coffey prepared a report prior to the one that Judge Yanthis ruled on, and that it is the non-production of this earlier report that is the subject of the spoliation motion. In response to the spoliation motion, Delta appears to contend (through counsel) that the so-called "work product" report was the only report Captain Coffey ever prepared, and that there is no other, more "contemporaneous" report that was lost or destroyed.

Unfortunately for plaintiff, Exhibit B to the Allegretti Affirmation, which plaintiff indicates is the source for her allegation, says nothing whatever about Captain Coffey's report, at pages 25–27 or anywhere

else. Since the reference in plaintiff's moving affidavit did not check out, it should come as no surprise that I simply decided the case on the merits. However, after receiving the motion for reconsideration (which did not correct this critical miscitation), I rooted through the record, and I believe I have located the mislabeled reference somewhere in Exhibit H I cannot say that the cited testimony from Captain Coffey's deposition supports either side's position completely.

At his deposition, Captain Coffey could have been asked directly whether the work product report was the report about which he testified at his deposition. Most lawyers would have asked such a question. That would have resolved the matter. Apparently, neither lawyer did ask the relevant question—at least, no such question was asked in the portions of the transcript submitted with the spoliation motion. And Delta's counsel did not see fit to include a Coffey affidavit in response to plaintiff's spoliation motion, which might also have cleared up any confusion.

■ I am, therefore, directing Judge Yanthis to hold a hearing, at which that question is to be put to the Captain, in the presence of the Magistrate Judge. If Captain Coffey identifies the work product report (which can be identified for the record and shown to Coffey without permitting plaintiff's counsel to see it) as the only report prepared by him, that will be the end of the matter—and the motion for reconsideration will be summarily denied.

If it turns out that there is more than one Coffey report, and no copy of that report can be located [3], the question becomes what to do about the matter.

---

3. There does not appear to be any hard copy of this report, although the Captain speculates that it was sent to just "about everybody. I guess: chief pilots, corporate, muckedy [sic]

mucks" (Exhibit H to the Allegretti Affidavit at 26). I cannot tell from the record whether efforts were made to retrieve it from the computer on which it was created and (therefore)

 Plaintiff is correct that even the negligent loss of relevant evidence (and she demonstrates nothing more) is sanctionable as spoliation. However, her implication that the draconian sanctions she seeks are the only sanctions permitted by the Second Circuit when spoliation occurs is incorrect. The sanction for spoliation, like any sanction, lies within the sound discretion of the court, and should be designed to deter spoliation and restore the prejudiced party to the same position he would have been in absent the destruction of evidence by the opposing party, as well as to shift the burden of an erroneous judgment to the spoliator. *West v. Goodyear Tire and Rubber Company,* 167 F.3d 776 (2d Cir.1999). Plaintiff's proposed solutions address only the last of these concerns.

This is not an instance in which key evidence in the case—for example, an allegedly defective device in a negligence case—no longer exists. Either on motion or at trial, the missing report could not serve as a substitute for Captain Coffey's live testimony. In fact, the report in question (if it exists) may well be inadmissible. It is an out-of-court statement which, according to Captain Coffey, was not something he prepared in the ordinary course of business (Allegretti Exhibit H, at 25). It is, therefore, questionable whether it could be admitted as a business record. It is also questionable whether it would come in as an admission of Delta's, since it is unlikely that Captain Coffey occupies a position at Delta that would allow him to speak for the corporation. At best, then, the document could have been used to impeach Coffey's deposition testimony (on which I relied in resolving the preemption issue) if it was inconsistent with that testimony. In short, it barely qualifies as "evidence."

 Given Congress's strongly expressed desire to *preclude* litigation over the removal of passengers from commercial airlines, I do not believe that the preclusion of relevant and admissible evidence that bears on an issue of great Congressional concern—and which might result in a default victory for plaintiff—would be an appropriate sanction for the failure to produce a document that appears, on the scant record before me, to be useful only for impeachment. The production of the relatively contemporaneous Coffey report that was previously withheld on work product ground would, however, be an appropriate sanction. It would balance plaintiff's interest in having a relatively contemporaneous document that might impeach Captain Coffey's deposition testimony with the public policy concerns that are reflected in Congress's decision to write the preclusion doctrine into the FAA and the 1978 Act. Moreover, production of a privileged document would act as a deterrent to future acts of spoliation by Delta, since the protection of documents under the work product privilege is a valuable right that few litigants would wish to lose. Last, it would place plaintiff in, if not the identical position, then in a position extremely close to the one she would have occupied if the non-work product report (assuming it ever existed) had not been lost.

Therefore, if Judge Yanthis concludes that Captain Coffey produced two separate reports (the work product report and an

---

stored, but standard discovery requests ordinarily call for a search of computers. A timely motion to compel production of this report after Captain Coffey's deposition was taken might have generated an order from the Mag-istrate Judge. I have no idea whether such a motion was made. The time for making motions to compel has, of course, long since passed, and I rarely reward lawyers who do not make such applications in a timely way.

earlier report), and if no copy of the earlier report can be found, then I will direct that the work product report prepared by Captain Coffey be produced as a sanction for the spoliation of evidence. I stress that production of the work product report will only be required if it turns out that Captain Coffey, when confronted with a copy of the work product report in the presence of Judge Yanthis, indicates under oath that the work product report was not the only report he prepared.

If the work product report prepared by Captain Coffey is produced as a sanction, a copy should be forwarded to me forthwith as an additional exhibit on the motion for reconsideration. I will then add that report to the record as newly discovered evidence and proceed to decide the motion for reconsideration.

I will expect Judge Yanthis's report by September 15.

Because the testimony of Wilson and Osorio is not relevant to the issue of preclusion, and was not relied on by the Court in deciding that issue, it is not necessary for me to address the spoliation motion insofar as it concerns the loss or destruction of reports prepared by them. That motion will be considered *in limine*, which is to say, immediately prior to trial, if there is a trial.

IT IS SO ORDERED.